IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL LEONARD TUCKER, SR.,   )
AIS #307805,                   )
                               )
        Plaintiff,             )
                               )
   v.                          ) CIVIL ACTION NO. 3:17-CV-120-WKW
                               )
LT. HAROLD SMITH & SGT. GROVER )
GOODRICH,                      )
                               )
        Defendants.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Michael Leonard Tucker, Sr. ("Tucker"), a state inmate. In this complaint, Tucker alleges that the defendant law enforcement officials committed perjury at his murder trial before the Circuit Court of Russell County, Alabama in October of 2016. Tucker asserts that other than the perjured testimony the State lacked evidence to support his conviction. Tucker seeks monetary damages for the alleged violation of his constitutional rights.

Upon review of the complaint, the court concludes that this case is due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Tucker leave to proceed *in forma pauperis* in this cause of action. *Doc. No. 3*. A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a

## II.  DISCUSSION

### A.  Perjury Claim

Tucker alleges that Lt. Smith and Sgt. Goodrich provided perjured testimony during his 2016 murder trial.  *Doc. No. 1* at 2-3.  This claim provides no basis for relief in the instant cause of action as the law is well-settled that 42 U.S.C. § 1983 does not authorize the assertion of a damages claim for alleged acts of perjury during state court proceedings.  *Briscoe v. LaHue*, 460 U.S. 325, 334-336, 103 S.Ct. 1108, 1115-1116, 75 L.Ed.2d 96 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987).  In light of the foregoing, the plaintiff's perjury claim is "based on an indisputably meritless legal theory" and is therefore subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### B.  Conviction and Resulting Incarceration

Tucker complains that the defendants committed perjury at his murder trial and did so because the State had no evidence to support a conviction against him.  *Doc. No. 1* at 3.  The perjury and lack of evidence claims go to the fundamental legality of Tucker's conviction and resulting incarceration and, as such, Tucker is entitled to no relief from this court on these claims.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence and seeking damages are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok, supra*. Moreover, "[i]t is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law directs that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the fact or duration of his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a [conviction and] sentence of a state court is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state

3

inmate "making a collateral attack on [the basis for his incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.[2]

Under the circumstances of this case, *Heck* and its progeny bar the use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to present any claims which constitute a collateral attack on Tucker's conviction and his attendant term of incarceration. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63

---

[2]The plaintiff is advised that he must first exhaust any available state court remedies prior to seeking federal habeas relief.

F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). It is clear that granting relief on the perjury claim presented by Tucker would undermine the validity of his conviction and current incarceration. Consequently, this claim is not cognizable in the instant cause of action at this time and is therefore subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Lt. Harold Smith and Sgt. Glover Goodrich be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. With respect to the perjury and lack of evidence claims presented by Tucker and as a judgment in favor of Tucker on these claims would necessarily imply the invalidity of the murder conviction imposed upon him by the Circuit Court of Russell County, Alabama, these claims be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court in this cause of action.

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before April 7, 2017 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 17th day of March, 2017.

               /s/Terry F. Moorer
               TERRY F. MOORER
               UNITED STATES MAGISTRATE JUDGE