IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEONARD TUCKER, SR., AIS # 307805, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:17-CV-120-WKW [WO] |
| LT. HAROLD SMITH & SGT. GROVER GOODRICH, | ) ) ) | |
| Defendants. | ) | |

# **ORDER**

On March 17, 2017, the Magistrate Judge filed a Recommendation (Doc. # 4) to which Plaintiff timely objected (Doc. # 5). Upon an independent and *de novo* review of the record and Recommendation, Plaintiff's objection is due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

Plaintiff fundamentally misunderstands the Recommendation. Plaintiff's 42 U.S.C. § 1983 action seeks damages based on the allegation that two police officers committed perjury at Plaintiff's murder trial. For two reasons, Plaintiff cannot succeed. First, the United States Supreme Court squarely has held that "witnesses are absolutely immune from damages liability based on their testimony." *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). Thus, to the extent Plaintiff seeks damages from the alleged perjurers, he cannot win.

Second, even to the extent Plaintiff may be able to sue another state entity for his alleged wrongful conviction and incarceration, his suit puts the cart before the horse. If true, the perjury allegations would call into question the validity of Plaintiff's conviction. Thus, the Magistrate Judge recommended dismissal not because "there is no proof" to support Plaintiff's claim (*see* Doc. # 5), as Plaintiff suggests, but because this sort of claim is "not cognizable in a 42 U.S.C. § 1983 action 'unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (Doc. # 4, at 3 (quoting *Heck v. Humphrey*, 512 U.S. 477 (1994)).)

Section 1983 allows plaintiffs to sue for damages that result from federal rights violations committed by state actors like the police. However, to bring a § 1983 suit for a violation that bears on the validity of a state conviction, a plaintiff must first challenge the conviction itself. Put simply, as long as the conviction remains legally intact, a party cannot win a damages award that implies the invalidity of that conviction.[1] After exhausting all *state court* remedies (that is, after appealing the conviction to the state's highest court and losing), the first step in the process is to challenge the conviction in federal court by filing a petition for a writ of habeas

---

[1] *See Heck*, 512 U.S. at 487 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

corpus. If Plaintiff succeeds in that action, then (and *only* then) may he bring a civil action for damages under § 1983.

The Supreme Court was clear in *Heck*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486–87. Because Plaintiff's conviction has not been invalidated by any of the means mentioned in *Heck*, his § 1983 claim cannot survive.

Accordingly, it is ORDERED that:

1. Plaintiff's objection (Doc. # 5) is OVERRULED;

2. The Recommendation (Doc. # 4) is ADOPTED;

3. Plaintiff's § 1983 claims against Lt. Harold Smith and Sgt. Glover Goodrich are DISMISSED with prejudice; and

4. To the extent Plaintiff may have a § 1983 claim in the future against a different state entity based on these same facts, his claim is DISMISSED without prejudice.

DONE this 24th day of April, 2017.

                                                /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE